MELISSA HOLYOAK, First Assistant United States Attorney (# 9832)
SETH NIELSEN, Assistant United States Attorney (# 13823)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone:  (801)524-5682

_____

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CRISANTOS JAVIER SOTELO VALENCIA, <br><br> Defendant. | **UNITED STATES' AMENDED POSITION REGARDING DETENTION** <br><br><br><br> Case No. 2:26-CR-131-TC |

☐     The United States is not seeking detention.

☐     Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒     The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒   Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

     ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B)

(specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☒ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**
☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

### Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days.  18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained.  *Id*.  The rules concerning the admissibility of evidence do not apply at the detention hearing.  *Id*.  The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

2

**Rebuttable Presumption**

☒  A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption.  The United States acknowledges that it retains the burden of persuasion.  The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

   **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

   **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

   **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒  Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ☒  **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

   ☐  **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

   ☐  **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

   ☐  **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ☐  **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device.  (18 U.S.C. § 3142(g)(1)).

During an earlier investigation into the Defendant, agents obtained a federal arrest warrant for the Defendant and had the Defendant federally indicted (see case no: 2:25cr00056).  During the month of February and March of 2026, agents had obtained information that the Defendant had returned to the United States from Mexico.  It was known for the Defendant to utilize a Mexican phone number (TT1).

Agents were able to identify where the Defendant was living in the Salt Lake Valley.

On March 3, 2026, agents entered the apartment where the Defendant was and took the Defendant into custody for his active arrest warrant.  While in the residence, agents confirmed the Defendant had his own bedroom within the apartment where he lived.

During the time of arrest, the Defendant was found in possession of TT1.  A federal search warrant was drafted and ultimately approved for TT1.  During the execution of the search warrant, agents noted several videos of the Defendant with large amounts of U.S. currency along with large amounts of narcotics, including fentanyl and suspected cocaine.

These videos depict a subject breaking open wooden objects, such as composite wood in ready to build furniture, where narcotics were concealed inside. Furthermore, in these videos, agents recognized the backgrounds to be consistent with how the interior of the residence appeared.  This led agents to believe the videos were filmed within the residence.  One of the videos was taken within approximately one week of the Defendant's arrest.

Body camera footage was reviewed from when the Defendant was taken into custody.  During this review it was noted that inside the Defendant's bedroom was a box of ready-to-build furniture consistent with similar ones observed in the video

being taken apart filled with narcotics.

A search warrant was requested and approved for the residence to further search of evidence of narcotics distribution.

**On March 25, 2026**, agents executed the search of the residence.  Ultimately, agents searched a storage closet for the residence.  Inside, agents retrieved the furniture box and noted a few things.  Inside the box was not actual hardware for the item described on the box (the box showed a dresser with drawers, however, no hardware for drawers).  Agents grabbed a panel and began to squeeze the middle where they noted the wood was flexing and could hear something inside when shaken.  Agents began hitting the wood on the ground damaging the corner which exposed the inside of the wood.  Agents noted inside were bags filled with blue M30 pills which they quickly recognized to be consistent with fentanyl pills. All panels were seized and no further evidence was located inside the apartment or throughout the Defendant's belongings.

Agents processed the evidence where they noted in each wooden panel were bags filled with fentanyl pills.  These pills were field tested using a NIK test which indicated positive for fentanyl.  **The total weight of fentanyl seized was 23,701.61 grams, nearly 24 kilos**.  This would approximate to be close to 240,000 fentanyl pills. This evidence was booked into evidence.





☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

   The Defendant is illegally present in the United States and is a citizen of Mexico. As noted above, the Defendant has already been federally indicted for a drug trafficking conspiracy in federal case 2:25cr00056.

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☐ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☒ The defendant's lack of legal status in the United States. The defendant's legal status is: Illegal immigrant, citizen of Mexico

☒ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☒ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☐ Other reasons including:

## Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

7

The position of the victim(s) on the detention of the defendant is:

☐   The victim(s) in this matter seek(s) a no contact order.

☒   This matter does not involve a victim requiring notification.

DATED this 27th day of April, 2026.

MELISSA HOLYOAK
FIRST ASSISTANT UNITED STATES ATTORNEY


 _/s/ Seth Nielsen_____
SETH NIELSEN
Assistant United States Attorney

8