IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRISANTOS JAVIER SOTELO VALENCIA,<br><br>Defendant. | **ORDER DENYING MOTION TO REASSIGN CASES**<br><br>Case No. 2:26-cr-00131<br><br>Judge Tena Campbell |

Before the court is the government's Motion to Reassign Cases. (ECF No. 23.) The United States, citing DUCrimR 57-3(a), requests that the court assign two pending criminal matters to the same judge, as the two cases both involve indictments against Defendant Crisantos Javier Sotelo Valencia. In Case No. 2:25-cr-56, which is pending before the Honorable David Sam, the government charges Mr. Sotelo Valencia with five counts of Conspiracy to Distribute Fentanyl, Conspiracy to Distribute Heroin, Conspiracy to Distribute Cocaine, Conspiracy to Distribute Methamphetamine, and Conspiracy to Launder Money. That indictment was filed over 17 months ago, on February 19, 2025, and concerns allegations about Mr. Sotelo Valencia's activities in 2023 and 2024. (See ECF No. 1 in No. 2:25-cr-56.) In the above-captioned matter, filed only a few months ago on April 22, 2026, the government charges Mr. Sotelo Valencia with one count of Possession of Fentanyl with Intent to Distribute. (See ECF No. 1.) This charge concerns activity that allegedly occurred on March 3, 2026—presumably while Mr. Sotelo Valencia was in pretrial detention, as he remains detained pending his trial in front of Judge Sam.

The court denies the government's request to reassign Judge Sam's case to the undersigned judge. The local rule cited by the United States concerns defendants who face allegations of post-conviction violations and new criminal charges. The rule permits either a party or the court to reassign the case involving the alleged post-conviction violations to the judge hearing the most recently filed case with pending criminal charges. See DUCrimR 57-3(a), (d). In these cases, the alleged post-conviction violation generally concerns the same conduct as the new charges, and it is almost always more efficient and consistent for one judge to handle both cases. While there are advantages to having the judge familiar with the previous case handle the new indictment, this district has determined that these advantages are outweighed by the need for a fresh perspective to consider the new indictment. Accordingly, the court has adopted a rule in which the older case containing the post-conviction violation allegations is reassigned to the judge handling the new indictment.

The local rule does not refer to reassignment where a defendant faces multiple indictments. Separate indictments generally involve distinct incidents and conduct. For instance, Mr. Sotelo Valencia's indictment that is pending before Judge Sam concerns activities that allegedly occurred in 2023 and 2024, whereas the indictment in the above-captioned matter concerns activity that allegedly occurred in 2026. As a result, the court must consider different factors before reassigning a case. It would rarely be more efficient for a judge assigned to the later-filed indictment to be reassigned the first-filed indictment, especially where that indictment has been pending for some time. Here, for example, Mr. Sotelo Valencia is scheduled for a 2-week jury trial in the first-filed case that is set to begin on August 18, 2026. The undersigned judge does not have the capacity to handle a lengthy trial with such short notice. And while it appears that there has been little motion practice in Mr. Sotelo Valencia's case, the judge

assigned to the first-filed case will generally have more experience with the relevant issues. Moreover, the reassignment of a first-filed indictment to a new judge presents an opportunity for judge-shopping. If the government were unhappy with the judge randomly assigned to the first indictment, the government might choose to indict additional conduct in the hope of drawing a different judge to handle both matters.

For these reasons, the court finds that multiple indictments should generally be reassigned, if at all, to the judge assigned the first-filed of those indictments. In addition, it is unclear that reassignment is always necessary. District courts that have adopted local rules for this type of reassignment generally impose a number of criteria that must be met before the court will grant a motion to reassign. For instance, in its Local Criminal Rule 12-2, the Southern District of Indiana requires that 1) the cases share one or more common defendants or are based upon the same set of facts; 2) the handling of both cases will result in an overall saving of judicial resources; and 3) the reassignment would not delay proceedings or would otherwise be in the interest of justice.

As the case progresses, the parties may agree that it would be preferable for one judge to handle sentencing in both matters—for instance, because the parties reach a global resolution of all pending charges. On the other hand, Mr. Sotelo Valencia may wish to handle matters separately, perhaps because he wishes to go to trial on one indictment but not the other. The undersigned judge does not object to a reassignment of the above-captioned matter to Judge Sam at a future point if the parties agree to the reassignment or the government makes a stronger showing of how the reassignment will result in a saving of judicial resources. But the court leaves that determination to Judge Sam's discretion. The court is competent to handle the two indictments separately, even if the parties have reached a global resolution. And at the least, the

government must demonstrate that reassignment is necessary for reasons that go beyond the mere fact that multiple indictments involve the same defendant.

**ORDER**

For the foregoing reasons, the court DENIES the government's Motion to Reassign Cases. (ECF No. 23.)

DATED this 3rd day of August, 2026.

BY THE COURT:

Tena Campbell
United States District Judge